UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AUSTIN COMMUNITY COLLEGE DISTRICT,

                             Plaintiff,                         **24-CV-603 (CM) (VF)**

            -against-                                           **ORDER**

XL INSURANCE AMERICA, INC.,

                             Defendant.
-----------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge**

The parties raised a dispute concerning the close of fact discovery in letters to the Court filed on March 6, 2026, March 9, 2026, and March 10, 2026. ECF Nos. 77-79. The Court held a conference to discuss the dispute on April 13, 2026. In short, Defendant seeks to have Plaintiff conduct additional searches for certain documents from Rogers O'Brien, a non-party who was responsible for the remediation work performed on Plaintiff's building that is the subject of Plaintiff's claim here. Defendant, however, waited until the day fact discovery was set to close to raise this issue with Plaintiff. Defendant has not demonstrated good cause for its delay in raising this issue. To be sure, Plaintiff provided a supplemental production to Defendant in or around September 2025, alongside Plaintiff's opening expert report. And that production (which contains documents all relating to Plaintiff's alleged damages) included documents not previously produced by Plaintiff that were in the possession of Rogers O'Brien. But Defendant was aware of Rogers O'Brien's role in this dispute long before that time and did not seek any discovery from Rogers O'Brien and did not raise any issues concerning the potential for missing Rogers O'Brien documents in Plaintiff's earlier document productions. Additionally, the searches that Defendant seeks to have performed now are highly unlikely to yield the production of new/unique documents and instead are likely to produce duplicative or irrelevant documents.

Moreover, requiring Plaintiff to go back now to conduct these searches would substantially delay

resolution of this case when the parties are otherwise nearly complete with expert discovery and

ready to move to dispositive motion practice. As such, Defendant's request as it concerns

Plaintiff's supplemental document production is denied and fact discovery is closed.

The schedule for what remains of expert discovery, as proposed in Plaintiff's letter at

ECF No. 77, is hereby adopted with the following modifications:

- May 4, 2026: deadline for XL to provide rebuttal expert reports
- May 14, 2026: deadline for ACC to provide expert reports in response
- May 28, 2026: deadline for completion of expert depositions
- June 29, 2026: motion for summary judgment due
- July 30, 2026: response to summary judgment due
- August 13, 2026: reply in further support of summary judgment due

**SO ORDERED.**

DATED:       New York, New York
             April 14, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge

2